**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNY ROMAN ROQUE, | No.    18-73245 |
| Petitioner, | Agency No. A073-935-968 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:      TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Jenny Roman Roque, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

discretion the denial of a motion to reopen.  *Mohammed v. Gonzales*, 400 F.3d 785,

791 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Roman Roque's motion to reopen as untimely where the motion was filed more than eight years after the order of removal became final, and Roman Roque did not establish that any exception to the time limitation applied. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed no later than 90 days after the date of the final administrative decision); 8 C.F.R. § 1003.2(c)(3) (listing exceptions to the time bar). We reject Roman Roque's contentions that the BIA erred by not considering equitable tolling where Roman Roque did not request tolling in the motion to reopen. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) ("[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed.").

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte because neither of Roman Roque's contentions raise a colorable legal or constitutional error underlying the BIA's denial. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**